UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACK FIRTH,                                        Case No. 1:10-cv-723

      Plaintiff,                             Magistrate Judge Bowman

vs.

UNITED STATES OF AMERICA

      Defendant.

**ORDER**

This civil action is before the Court on Defendant's motion to quash two subpoenas issued by Plaintiff and directed at two employees of the United States Veterans Administration Medical Center. (Doc. 20). Plaintiff has not responded to the motion. For the reasons that follow, the undersigned finds Defendant's motion to quash is well-taken.

Plaintiff, acting *pro se*, initiated this action by filing a Complaint on October 18, 2010, against Defendant Cincinnati Veterans Affairs Medical Center, an agency of the United States of America. Plaintiff alleges he underwent a hearing test performed by VAMC employee, Audiologist Mary Bone, at the VAMC in November of 2007. Plaintiff alleges that the audiometer used in the testing damaged his hearing. (Doc. 1, p. 3). Defendant maintains that Plaintiff has filed and served two subpoenas directed to two employees of the Defendant's Veterans Administration Medical Center in Cincinnati, Ohio ("VAMC"). (Doc. 20). These subpoenas demand that the Plaintiff be allowed to inspect certain devices used by the VAMC to test hearing of patients. *Id.*

Prior to the issuance of these subpoenas, Plaintiff previously contacted counsel for Defendant, and VAMC personnel, requesting to examine the equipment. Defendant informed Plaintiff that he could not touch the equipment because he may interfere with its

operation. Plaintiff indicated that he was going to "obtain an expert" to examine the equipment. Plaintiff, however, has yet to supply the name of an expert.

Defendant now moves to quash these subpoenas asserting that the request is not reasonably calculated to lead to the discovery of admissible evidence, as required by Rule 26(b), Fed. R. Civ. P. Defendant asserts that the audiometers at the VAMC are checked for proper calibration every six months and if the calibration is not within normal ranges, the audiometer is then re-calibrated by a trained technician at the time of the biannual testing. As such, the unit in question has been checked and perhaps recalibrated many times since November 2, 2007. Therefore, Defendant maintains that Plaintiff may otherwise seek discovery (presumably discovery requests and deposition testimony), to determine if the technician found abnormalities in the unit during the scheduled test after Plaintiff's test in November 2, 2007. Defendant further asserts that Plaintiff may also depose the Audiologist, Dr. Bone, and inquire if she was aware if the audiometer she used to test Plaintiff had experienced any problems before or after his test.

The undersigned finds Defendant's arguments to be well-taken. As such, the Court agrees with Defendant that inspecting the audiometer in question is futile and that Plaintiff may obtain the information he seeks without such an inspection. Accordingly, for good cause shown and in the absence of any opposition, Defendant's motion to quash subpoenas (Doc. 20) is **GRANTED.**

**IT IS SO ORDERED**.

     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge